UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MACIEL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VANCE UNIFORMED PROTECTIVE SERVICES, INC., GARDA SECURITY INC. and Does 1 through 50, inclusive,<br><br>Defendants. | No. 3:09-CV-01498<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter having come before this Court for hearing, pursuant to the order of the Court dated September 28, 2009, on the application of the parties for final approval of the class action settlement set forth in the Joint Stipulation of Settlement And Release ("Settlement Agreement"). Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement,

and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes of this Action, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and to comport with due process, the Court hereby grants final approval of the class action settlement set forth in the Settlement Agreement and finds that such settlement is in all respects fair, reasonable, and adequate to the Settlement Class. The Court further finds that the Settlement Agreement and the terms of settlement set forth therein are non-collusive and were entered into in good faith following arms-length negotiations.

4. The Settlement Class consists of the following: "All persons classified as nonexempt employed by Defendant as security guards to work at facilities within the State of California during the Class Period."

5. Excluded from the settlement are those persons who submitted valid and timely requests for exclusion. Every person in the Settlement Class who did not opt out is a Settlement Class Member.

6. With respect to the Settlement Class Members, and for purposes of approving the settlement only, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Settlement Class Members; (d) Plaintiff and Class Counsel fairly and adequately represented and protected the interests of the Settlement Class Members; and, (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Court hereby dismisses this Action with prejudice as to Plaintiff and all Settlement Class Members. Upon final approval of the Settlement Agreement and entry of this Order, Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Order, shall have fully and finally released any and all Released Claims as to the Released Parties as set forth in Section VI of the Settlement Agreement.

8.      The Court finds that the Notice provided to the Settlement Class Members was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, and that the Notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable laws and comports with due process.

9.      Defendant agreed to pay Class Counsel for its reasonable attorneys' fees in this matter an amount not to exceed 25% of the Gross Fund Value of $2,500,000. Class Counsel requests 25% of the Gross Fund Value, or $625,000. Defendant Garda also agrees to pay litigation expenses of $20,237.50 and agrees to pay the Class Representative an enhancement in the amount not to exceed $10,000 to reimburse her for her unique services. The Court finds that these agreements, as set forth in the Settlement Agreement, are fair and reasonable, and it awards Class Counsel $625,000 in attorneys' fees, $20,237.50 in allowable costs, claims administration costs to Rust Consulting of $50,000, and awards the Class Representative an enhancement award of $10,000. The Court directs Defendant Garda to make such payments in accordance with the terms of the Settlement Agreement and any order issued prior to this Judgment.

10.     Without affecting the finality of this Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) interpretation, implementation, and enforcement of the Settlement Agreement and the payments to be made as set forth therein; (b) the hearing and determination of applications for Class Counsel's attorneys' fees and costs, and Plaintiff's incentive payment; and, (c) the enforcement and administration of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: __12/18/09__

_____
Hon. Susan Illston
United States District Court